J-S11043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD CRUZ GOUDY, | : | |
| | : | |
| Appellant | : | No. 260 MDA 2014 |

Appeal from the PCRA Order January 13, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005138-2001

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 24, 2016**

Edward Cruz Goudy ("Goudy") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We reverse the Order, vacate Goudy's judgment of sentence, and remand for resentencing.

In 2003, Goudy was convicted of murder of the second degree, recklessly endangering another person, robbery, and criminal conspiracy.[1] Goudy was 15 years old at the time of the crime. The trial court sentenced Goudy to life in prison without the possibility of parole.

This Court affirmed the judgment of sentence. **See Commonwealth v. Goudy**, 855 A.2d 131 (Pa. Super. 2004) (unpublished memorandum). Goudy did not seek further review.

---

[1] 18 Pa.C.S.A. §§ 2502(b), 2705, 3701, 903.

J-S11043-15

Goudy filed his first PCRA Petition, *pro se*, within sixty days of the filing of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[2] The PCRA court appointed Goudy counsel, who filed an Amended PCRA Petition. The PCRA court issued a Notice of Intent to Dismiss, and subsequently dismissed the Petition. Goudy filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

This panel affirmed the PCRA court's dismissal based on the untimeliness of the Petition,[3] and Goudy's failure to properly invoke a timeliness exception under the PCRA.[4] **See Commonwealth v. Goudy**, 120 A.3d 394 (Pa. Super. 2015) (unpublished memorandum at 3-5). Our

---

[2] In **Miller**, the Supreme Court held that sentencing schemes, which mandate life in prison without parole for defendants, who committed their crimes while under the age of eighteen, violates the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id**. at 2469.

[3] Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id**. § 9545(b)(3). Here, Goudy's Petition was facially untimely under the PCRA.

[4] Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id**. § 9545(b)(2).

panel was constrained to conclude that the **Miller** decision did not invoke the newly recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii), based upon our Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).[5] **Goudy**, 120 A.3d 394 (unpublished memorandum at 4-5).

Goudy filed a Petition for Allowance of Appeal. On February 11, 2016, our Supreme Court granted the Petition, vacated this Court's decision, and remanded for further proceedings based upon the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). **See Commonwealth v. Goudy**, 2016 WL 594085, *1 (Pa. 2016).

In **Montgomery**, the United States Supreme Court held that its decision in **Miller, supra**, applies retroactively. **Montgomery**, 136 S. Ct. at 736. Following the **Montgomery** decision, this Court issued its Opinion in **Commonwealth v. Secreti**, 2016 PA Super 28 (Pa. Super. 2016), which held that where, like here, a PCRA petitioner properly raised a **Miller** claim within sixty days of that decision, **Miller** applies retroactively; the petitioner's sentence is unconstitutional under **Miller**; and the petitioner is entitled to a new sentencing hearing in accordance with **Commonwealth v.**

---

[5] In **Cunningham**, the Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time **Miller** was decided. **Cunningham**, 81 A.3d at 11.

***Batts***, 66 A.3d 286, 296 (Pa. 2013).[6]  ***Secreti***, 2016 PA Super 28, \*\*4-6.

Based upon ***Montgomery*** and ***Secreti***, we conclude that (1) Goudy satisfied the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), and that ***Miller*** applies retroactively to his sentence; (2) Goudy's sentence is unconstitutional under ***Miller***; and (3) Goudy is entitled to a new sentencing hearing.  Accordingly, we reverse the PCRA court's Order dismissing Goudy's Petition, vacate Goudy's judgment of sentence, and we remand for resentencing in accordance with ***Batts, supra***.

Order reversed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

---

[6] "***Miller*** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile." ***Batts***, 66 A.3d at 296.

> [A]t a minimum [the trial court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Id***. at 297.  "[T]he imposition of a minimum sentence taking such factors into account is the most appropriate remedy for the federal constitutional violation that occurred when a life-without-parole sentence was mandatorily applied to [the a]ppellant." ***Id***.; ***see also Montgomery***, 136 S. Ct. at 736 (stating that "[a]**llowing those offenders to be considered for parole** ensures that juveniles whose crimes reflected only transient immaturity— and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.") (emphasis added).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2016